# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 13, 2010

## STATE OF TENNESSEE v. EDWARD THOMPSON

**Direct Appeal from the Criminal Court for Shelby County**
**No. 97-04025      Paula Skahan, Judge**

**No. W2009-01225-CCA-R3-CD  - Filed September 3, 2010**

The defendant, Edward Thompson, appeals the Shelby County Criminal Court's denial of his petition to suspend his sentence to probation. The defendant pled guilty to attempted rape of a child, a Class B felony, and received an agreed sentence of ten years. However, as part of the agreement, he reserved the right to request that the trial court sentence him to probation. On appeal, he contends that the trial court erred in its decision by "not appropriately bas[ing] the denial of probation upon the sentencing considerations set forth in Tennessee Code Annotated 40-35-103." Following review of the record, we conclude that the trial court did not err in denying the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

James P. DeRossitt, IV, Memphis, Tennessee, for the appellant, Edward Thompson.

Robert E. Cooper, Jr., Attorney General and Reporter;  Cameron L. Hyder, Assistant Attorney General; William L. Gibbons, District Attorney General; and Scot Bearup, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

The facts underlying the defendant's conviction were set out, and stipulated to by the defendant, at the guilty plea hearing as follows:

> Your Honor, the facts giving rise to this matter, on or about the dates set out in the indictment, the victim in this matter, who was less than the age of thirteen, was at the defendant's residence - - or a place where he maintained horses. She and her

brothers were riding. While the brothers were still out, and later returned, the defendant engaged in some conversation with the victim and then when the brothers returned, they went across the street to a store.

The State would have put on proof to establish that at that time the defendant made various promises to the victim, and in exchange for those promises, did engage in sexual relations with the victim in this matter.

The victim then became pregnant, and a child was born. And, during the course of the pregnancy, the police were involved. And, at their instruction, the victim and her mother, they went to Juvenile Court after the birth of the child and filed a paternity matter.

During the course of that paternity proceeding, two tests were done. The first one, as a matter of course, the second one, at the defendant's request. And, both of those tests have established the defendant to be the father of the child.

Based upon the foregoing facts, the defendant was indicted in 1997 for one count of rape of a child. However, because he was not located, he was not arrested for the offense until 2008. Pursuant to a negotiated best-interest plea agreement, the defendant subsequently pled guilty to one count of attempted rape of a child and received a ten-year sentence as a Range I offender. The defendant then filed a petition with the court asking that his sentence be suspended. A hearing was held on the matter, at which both the defendant and the victim testified.

At the hearing, the sixty-one-year old defendant testified in a somewhat confusing manner but did eventually acknowledge that he had prior multiple convictions for assault and driving with a revoked license. While he stated that he pled guilty to these offenses, he denied that he had even been in any fights. He stated that he had been sentenced to probation three times previously, but he said he "didn't do" the crimes. He further acknowledged that the paternity tests had indeed shown that he was the father of the victim's child, but he maintained that he did not remember ever having sexual intercourse with the victim. He introduced a letter which he claimed that the victim's daughter had given him which indicated that the victim had stolen a condom which the defendant had used during a sexual encounter with another person and impregnated herself with the contents.

The defendant testified that he had dropped out of high school and was unable to read or write. He stated that he was a self-employed construction worker but was very unclear with regard to his financial status including whether he had consistently paid child support. Upon further questioning, he stated that he did not handle his own finances because of his inability to read and write.

The defendant also gave testimony indicating that he had never consumer illegal drugs or alcohol. However, the State introduced a copy of the psychosexual evaluation which was done of the defendant, and the report indicated that the defendant had "admitted to a history of polysubstance

abuse and other illegal behaviors in the past." The report went on to note that the defendant appeared to be "withholding information" as well. When questioned about the statements in the report, the defendant denied that he had made those comments to the examiner. However, he did acknowledge that he does have a problem "remembering things."

The victim also testified at the hearing and testified that she had a thirteen-year-old daughter who was also the child of the defendant. She stated that the defendant did not regularly see the child, having seen her only three times in her lifetime. She also testified that the defendant, on only a few occasions, had given his daughter money for Christmas but never any birthday presents. She also testified that the defendant was in arrears with his child support.

With regard to the rape, she stated that she was twelve years old at the time and that the defendant had taken her inside a barn and raped her. She testified that she told the defendant that it was wrong and that she had to attend counseling sessions for at least two years afterwards. She stated that she was still bothered by the crime that the defendant committed against her. She also reviewed the note which the defendant alleged had been given to him by his daughter. The victim affirmatively denied that she had ever written the note and, further, that her daughter had given the note to the defendant.

After hearing the evidence presented, the trial court denied the petition to suspend the sentence and ordered that the defendant be sentenced to the Department of Correction. The defendant has timely appealed that decision.

**Analysis**

On appeal, the defendant contends that the trial court erred in denying his petition to suspend his sentence to probation. Specifically, he contends that the trial court "did not appropriately base the denial of probation upon the sentencing considerations set forth in Tennessee Code Annotated [section] 40-35-103." He contends that "the misapplication of sentencing considerations" by the trial court requires that this court reverse the denial and remand the case to the trial court to place the defendant on probation. We disagree.

When an accused challenges the length, range, or manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d) (2006); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." Ashby, 823 S.W.2d at 169. Furthermore, we emphasize that facts relevant to sentencing must be established by a preponderance of the evidence and not beyond a reasonable doubt. *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000). The party challenging a sentence bears the burden of establishing that the sentence is erroneous. T.C.A. § 40-35-401(d), Sentencing Comm'n Cmts.

Pursuant to the 2005 sentencing amendment, a defendant is no longer presumed to be a

favorable candidate for alternative sentencing. *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008). Instead, our statute now reads that a defendant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony "should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. *Id*. at 343 (citing T.C.A. § 40-35-102(6) (2006)). Evidence to the contrary may be established by showing that: (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct; (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses; or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. *Ashby*, 823 S.W.2d at 169 (citing T.C.A. § 40-35-103(1)(A)-(C)). The trial court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114. T.C.A. § 40-35-210(b)(5) (2006); *State v. Boston*, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). In addition, a trial court should consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. T.C.A. § 40-35-103(5); *Boston*, 938 S.W.2d at 438.

In this case, while the defendant remains eligible for probation because his sentence was ten years or less and the offense for which he was convicted is not specifically excluded by statute, he does not fall within the parameters of the statute in question, as he was convicted of a Class B felony. Further, his argument ignores that a defendant is required to establish his "suitability for full probation." *State v. Mounger*, 7 S.W.3d 70, 78 (Tenn. Crim. App. 1999); T.C.A. § 40-35-303(b) (2006). A defendant seeking full probation bears the burden of showing that probation will "subserve the ends of justice and the best interest of both the public and the defendant." *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990) (quoting *Hooper v. State*, 201 Tenn. 156, 297 S.W.2d 78, 81 (Tenn. 1956), *overruled on other ground by State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000)). Among the factors applicable to probation consideration are the circumstances of the offense; the defendant's criminal record, social history, and present condition; the deterrent effect upon the defendant; and the best interests of the defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978).

The defendant contends that the trial court "erred in its application of the sentencing considerations" of Tennessee Code Annotated section 40-35-103(1) because "the trial court's consideration of [the three factors] was either cursory and unsupported by the record, or illogical." In denying full probation in this case, the trial court made the following findings:

> What's a shame is since 1997 when this indictment went out you've been arrested three separate times; in 2003 for assorted charges, driving on revoked, suspended license, disorderly conduct, violation of financial law and vandalism and they didn't pick up the warrant. They should have. You should have been charged back in 2003 with this rape of a child.
>
> Two months later in 2003 you were again arrested, charged with domestic violence and convicted, placed on probation. Again, they didn't catch that you had

an outstanding indictment.

And September of 2005 you were charged with driving on revoked, suspended license and again somehow the system failed [the victim], time and time and time again. You failed her and the system has failed her by not having you charged with this offense sooner.

You testified about having been self-employed all your life working but it appears you don't pay income tax on anything you earn. Someone else supposedly takes care of it.

You stated that you're not guilty of any of these assaults or any other charges you've ever been charged with. It's - - you don't accept responsibility for any of your behavior or being a responsible citizen. You never have.

As far as sentencing considerations, you were very fortunate in my opinion that you didn't go to trial because I think you would have been convicted of rape of a child. And you would have been looking at instead of ten years at 30 percent, 15 to 25 years day for day, no sentencing credits. So you're very fortunate that you were able to work that out.

Now as far as granting you or denying you probation on the ten-year sentence, lesser included offense of criminal attempt to commit rape of a child, I have to consider whether confinement is necessary to protect society by restraining the defendant who has a long history of criminal conduct. You have a pretty good history of assaulting woman.

Confinement is necessary to avoid depreciating the seriousness of the offense. That's definitely true in this case. You've attempted to depreciate the seriousness of it by denying it, but this Court finds that this is a very, very serious, serious case and that confinement is necessary to avoid depreciating the seriousness.

Measures less restrictive that confinement have frequently or recently been applied. You've been on probation at least twice and failed to learn from that. At least you could have come in here and been man enough to own up to what you did.

Potential or lack of potential for rehabilitation or treatment of the defendant should be considered. I don't see any potential for rehabilitation in you whatsoever due to the fact that you refuse to acknowledge what you did to this girl. And she certainly has suffered because of it.

I don't see any reason to put you on probation, not one. Petitioner to suspend sentence is denied. Show judgment executed.

Review of the record reveals no error in the trial court's consideration of the denial of probation. The trial court affirmatively considered all the sentencing principles, the nature and circumstances of the case, the defendant's social and work history, and his amenability to correction. The trial court found each of the three factors which may be relied upon to establish "evidence to the contrary," and we believe each was established by the record. We also note that a finding of only one factor is required by the court to support denial. There is no dispute that the record establishes a history of criminal conduct or that measures less restrictive than confinement had frequently or recently been applied. Further, we agree with the court's conclusion that confinement was necessary to avoid depreciating the seriousness of the offense. We agree with the defendant's assertion that in order to deny an alternative sentence upon this ground, "the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree, and the nature of the offense must outweigh all factors favoring probation." *See State v. Bottoms*, 87 S.W.3d 95, 103 (Tenn. Crim. App. 2001). While the trial court did not make this specific finding, we can glean from its comments that it found the circumstances here to be horrifying, reprehensible, offensive, and of an exaggerated degree. The record reveals that the defendant had sexual intercourse with a twelve-year-old child, impregnated her, and denied responsibility for his actions even when paternity testing established to a 99.99 certainty that the defendant was the father. Additionally, the defendant submitted a letter to the court, which the victim did not write, in which he tried to assert that she had impregnated herself by using a condom.

Regardless, unlike a petition for any type of alternative sentence, in a petition for probation, it is the defendant who bears the burden of establishing his suitability. As found by the trial court, and on the record before us, the defendant has simply failed to do that. The defendant has multiple prior convictions for assault, domestic violence, and driving offenses. He had previously been on probation three times and continues to commit crimes. Moreover, he denies his responsibility for all crimes, despite the fact that in several instances, he pled guilty to the offenses. The court also noted that the defendant refused to be financially responsible as evidenced by both his failure to consistently pay child support and his failure to pay income taxes on his income. Clearly, the court found no potential for rehabilitation existed for this defendant, given his failure to accept responsibility for the crimes he committed and his failure to show remorse. Additionally, the psychosexual evaluation report admitted into evidence indicated that the defendant had a high propensity for "manipulativeness" and "procriminal attitude." Moreover, as noted, the defendant appears to have not been wholly truthful in his testimony to the court, as it contradicted the information he supplied to the psycosexual examiner. Based upon these facts, we must agree with the trial court that the defendant has failed entirely to establish his entitlement to a sentence of probation.

## CONCLUSION

Based upon the foregoing, the denial of probation by the Shelby County Criminal Court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE